## CIRCUIT COURT OF THE CITY OF RICHMOND

Siegel's Super Markets, Inc.

v.

Elmo M. Montgomery et al.

March 12, 1990

Case No. LM-2622-2

By JUDGE RANDALL G. JOHNSON

This case is before the court on defendant's demurrer to Siegel's Super Markets' amended motion for judgment.[1] The original motion for judgment alleged that Siegel's contracted with Capital for maintenance of the floors in one of Siegel's retail food stores in Richmond. Siegel's further alleged that a Ms. Paige filed suit against Siegel's and Capital due to a fall in Siegel's store, and that because of Siegel's non-delegable duty to maintain its premises in a safe condition, it settled her claim against it for $22,500.00.[2] In its motion for judgment against Capital, Siegel's sought indemnification from defendant, Siegel's alleging that Ms. Paige's injury resulted from the negligence of Capital, and that Siegel's liability was solely the result of its non-delegable duty to keep its premises reasonably safe for its patrons. Capital demurred to the motion for judgment. Holding that the

---

[1] Defendants are two individuals doing business as Capital Janitorial Supply. They will be referred to in this opinion as "Capital."

[2] In its memorandum in support of its demurrer, Capital states that it also paid $22,500.00 to Ms. Paige in settlement of her claim against Capital. That fact, however, has no relevance to the pending question.

allegations of the motion for judgment showed that Siegel's and Capital were joint tortfeasors and that as such there can be no implied right of indemnification, the demurrer was sustained.[3] The court allowed Siegel's twenty-one days, however, in which to amend its motion for judgment. An amended motion for judgment has now been filed, and Capital has again demurred.

The amended motion for judgment contains two counts. Count I contains precisely the same allegations that were in the original motion for judgment. Count II, while ostensibly bringing in new claims, is actually nothing more than a more detailed explanation of why Siegel's contends that it should be indemnified by defendant. Specifically, Siegel's raises the issue of "active" versus "passive" negligence in an attempt to distinguish the situation involved here from the normal situation involving joint tortfeasors. Because the court believes that such distinction is not applicable here, Capital's demurrer to the amended motion for judgment will also be sustained.

In reaching its decision in this case, the court does not decide whether Siegel's duty to maintain its premises in a reasonably safe condition was non-delegable. This is so since if that duty was delegable and since Siegel's alleges that Capital was an independent contractor, Siegel's would not be responsible for Capital's negligence at all and, thus, would have had no obligation to settle Ms. Paige's claim. *See, generally,* 9B M.J., *Independent Contractors,* § 15, and cases there cited. Accordingly, only if Siegel's duty was non-delegable do we even reach the question of indemnification. That question will now be considered.

It is well-settled in Virginia that recovery among joint tortfeasors, absent contract, is limited to contribution. *See* 9B M.J., *Indemnity,* § 4. No right to indemnification, as such, exists. Siegel's, however, seeks to have the court distinguish this case by calling Siegel's and Capital not joint tortfeasors, but "active" and "passive" tortfeasors. Citing *Philip Morris, Inc. v. Emerson,* 235 Va. 380, 368 S.E.2d 268 (1988) Siegel's argues that Virginia

---

[3] This case does not involve a claim that any express indemnification agreement existed between the parties.

now recognizes such active versus passive distinction, and that where recognized, a party guilty of passive negligence may seek indemnification from one guilty of active negligence. The court believes that Siegel's gives a broader reading to *Philip Morris* than is warranted.

As was said in *Wingo v. Celotex Corp.*, 834 F.2d 375 (4th Cir. 1987), at least as of May, 1987, there was no Virginia case adopting the rule urged by plaintiff here. 834 F.2d at 378-79. In *Philip Morris*, decided after *Wingo*, the Virginia Supreme Court addressed the issue of indemnification. Specifically, the Court, citing non-Virginia cases, held that "[i]f a defendant is guilty of active negligence, he may not obtain indemnification from any other defendant." 235 Va. at 411. The Court intimated, however, that such active-passive analysis is appropriate ₁*only* where the party seeking indemnification is *vicariously* liable, not when such party has itself committed a negligent act:

> The jury found that Texaco created a dangerous condition which was a proximate cause of the plaintiff's injuries. Texaco was not held liable on a theory of vicarious liability . . . but rather because of its own active negligence. Therefore, Texaco is not entitled to indemnification. *Id*. (citation omitted).

Here, Siegel's alleges that it, Siegel's, had a non-delegable duty to maintain its premises in a reasonably safe condition. It further alleges, by necessary implication in settling Ms. Paige's claim, that it breached that duty. Such breach constitutes negligence. It is not vicarious negligence based on Capital's acts. It is Siegel's own independent negligence in failing to perform *its* duty. Since this court interprets *Philip Morris* as not recognizing a right of indemnification on the part of a party which is guilty of non-vicarious negligence, no such right exists on the part of Siegel's here.